IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HORACE GEORGE CULLUM, JR., | § | |
| TDCJ-CID NO.1208593, | § | |
|       Petitioner, | § | |
| v. | § | CIVIL ACTION H-10-1059 |
| | § | |
| RICK THALER, | § | |
|       Respondent. | § | |

MEMORANDUM AND ORDER ON DISMISSAL

Petitioner Horace George Cullum, Jr., a state inmate, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking relief from a 1988 indecency with a child conviction in the 230th State District Court of Harris County, Texas.[1] Petitioner appears *pro se* and he seeks to proceed *in forma pauperis*. After reviewing the pleadings as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed without prejudice for the reasons set forth below.

I.   Discussion

In general, federal habeas petitioners must bring their claims in one action. 28 U.S.C. § 2244(b) provides as follows, in pertinent part:

>     (1)   A claim presented in a second or successive habeas
>           corpus application under § 2254 that was presented

---

1 In his original complaint, petitioner indicates that he is challenging a conviction from the 179th Criminal District Court of Harris County, Texas. (Docket Entry No.1).  In his memorandum, petitioner challenges the same conviction but states that the convicting court was the 230th Criminal District Court of Harris County, Texas.  (Docket Entry No.2).

in a prior application shall be dismissed.

(2)   A claim presented in a second or successive habeas corpus application under § 2254 that was not presented in a prior application shall be dismissed unless-

    (A)   the applicant shows that the claims rely on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(I)   the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii)   the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A)   Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

A district court may hear a claim not presented in a prior federal application only if the court of appeals issues an order of authorization. 28 U.S.C. § 2244(b)(3). Any claim that was raised in a prior federal habeas application is not subject to adjudication by the district court and must be dismissed. 28 U.S.C. § 2244(b)(1).

As in <u>Cullum v. Quarterman</u>, Civil Action No.H-08-0598 (S.D. Tex. Feb. 27, 2008), petitioner seeks habeas relief on the ground

2

that he was denied effective counsel on direct appeal because his attorney failed to advise him that he had the right to file a *pro se* petition for discretionary review with the Texas Court of Criminal Appeal after the state intermediate appellate court affirmed his conviction in 1989. (Docket Entry No.1). The Court dismissed the petition as successive. Cullum, Civil Action No.H-08-0598.

Because petitioner raises the same claim that he raised in Civil Action No.H-08-0598, this Court is required to dismiss such claim. 28 U.S.C. § 2244(b)(1). To the extent that petitioner seeks relief on grounds not previously presented, he fails to allege or show that he has sought or received authorization from the Court of Appeals to proceed in this Court with respect to any new claims he is raising. 28 U.S.C. § 2244(b)(3). Accordingly, this action is DISMISSED without prejudice to petitioner seeking authorization from the Court of Appeals to proceed in this Court on any new claims.

Petitioner has not made a substantial showing that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and that such jurists "would find it debatable whether the district court was correct in its procedural ruling." Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). For this reason, this Court finds that a certificate

of appealability should not issue in this case.

II.   Conclusion

        Accordingly, the Court ORDERS the following:

        1.    The pending habeas petition is DISMISSED WITHOUT
              PREJUDICE.

        2.    A certificate of appealability is DENIED.

        3.    All other pending motions are DENIED.

SIGNED at Houston, Texas, on _____, 2010.

April 21

                                    EWING WERLEIN, JR.
                                    UNITED STATES DISTRICT JUDGE

4